UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
JUL - 3 2006


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOHNATHAN L. DAULTON, | CIV. 05-4184 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| ROBERT DOOLEY, Warden; JAMES MOORE, P.C., | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Johnathan Daulton, is proceeding in forma pauperis in this action brought under 42 U.S.C. § 1983. Having reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss this action for failure to state a cause of action.

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must assume as true all facts well pleaded in the complaint. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995).

To prevail in a § 1983 action, Plaintiffs must show: (1) the conduct complained of deprived the Plaintiffs of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (2) the conduct was committed by a person acting under color of state law. 42 U.S.C. § 1983.

This action is related to another lawsuit filed by Plaintiff, in which the Court granted summary judgment to the defendant Warden Dooley. *See Daulton v. Dooley*, CIV 05-4121 (D.S.D.) (Memorandum Opinion and Order, Doc. 43, April 21, 2006). That lawsuit was brought pursuant to

42 U.S.C. § 1983, and Plaintiff claimed that Defendants had been deliberately indifferent to his serious medical needs. As a result of that lawsuit, Plaintiff's medical records were released to Defendants' attorney, James Moore. In the present action, Plaintiff contends that Defendants violated state and federal laws by releasing his medical records to James Moore without Plaintiff's consent.

The existence of a physician-patient privilege in this action is governed by federal common law. *See* Fed.R.Evid. 501. Federal common law, however, does not recognize a physician-patient privilege. *See Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) (recognizing that the federal common law does not recognize a physician-patient privilege and holding that the Health Insurance Portability and Accountability Act (HIPAA) regulations do not create such a privilege under federal law); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 506 (7th Cir. 1995). Moreover, "[d]isclosure of plaintiff's medical records does not rise to the level of a breach of a right recognized as 'fundamental' under the Constitution [and, therefore,] disclosure of plaintiff's medical records did not violate a constitutional right." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995). Even if Plaintiff did have a constitutional right of privacy in his medical records, "he waived any right to privacy in his medical records by instituting a suit against the state in which his health and medical records were at issue." *Crawford v. Manion*, 1997 WL 148066 (S.D.N.Y. 1997) (unpublished); *see Tokar v. Armontrout*, 97 F.3d 1078, 1084-85 (8th Cir. 1996) (discussing but failing to decide whether an inmate has a constitutional right of privacy in his medical records). Based upon the above discussion of law, the Court finds that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief in this action and this action will be dismissed.

Plaintiff filed a Motion for Appointment of Counsel, Doc. 9, which will be denied in light of the dismissal of this action. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Appointment of Counsel, Doc. 9, is denied.

2

2. That this action is dismissed without prejudice for failure to state a cause of action, pursuant to 28 U.S.C. § 1915(e)(2).

Dated this __3rd__ day of July, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By:_____, Deputy
    (SEAL)